Laura M. Dilimetin (LD4718)
Lawrence and Walsh, P.C.
Attorneys for Plaintiff
215 Hilton Avenue
Hempstead, NY 11551
Ph: 516.538.2400
Fax: 516.538.2079

**SUMMONS ISSUED**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ JUN 18 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12 3033**

-----------------------------------------------------------------x

BELLEZA FRUIT, INC.,

                          Plaintiff,

    v.

SUFFOLK BANANA CO., INC., LONG ISLAND
BANANA CORP., LONG ISLAND BANANA,
and THOMAS HOEY, JR.

                          Defendants

Civil No.

**COMPLAINT**

FEUERSTEIN, J

WALL, M.J.

-----------------------------------------------------------------x

Belleza Fruit, Inc. (hereafter "plaintiff"), as and for its Complaint against defendants, alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claims arose in this District and (b) defendants' principle place of business is in this District.

### PARTIES

3. Plaintiff is a New York corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate

1

commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of the PACA. A copy of the PACA license information for plaintiff is annexed as **Exhibit "A"**.

4. Defendant Suffolk Banana Co., Inc. ("Suffolk Banana") is a New York corporation with its principal place of business in Yaphank, New York, located at 19 Old Dock Road, Yaphank, New York and was at all relevant times pertinent herein a purchaser of wholesale quantities of produce subject to and licensed under the trust provisions of the PACA.

5. Defendant Long Island Banana Corporation ("LIB Corp.") is a New York corporation with its principal place of business in Lynbrook, New York, located at 28 William Street, Lynbrook, New York and was at all relevant times pertinent herein a purchaser of wholesale quantities of produce subject to and licensed under the trust provisions of the PACA.

6. Defendant Long Island Banana ("LIB") is a New York corporation with its principal place of business in Lynbrook, New York, located at 28 William Street, Lynbrook, New York and was at all relevant times pertinent herein a purchaser of wholesale quantities of produce subject to and licensed under the trust provisions of the PACA.

7. Defendant Thomas Hoey, Jr. ("Hoey") is the officer, director, and/or shareholder of Suffolk Banana, LIB Corp. and LIB, and who controlled the day to day operations of Suffolk Banana, LIB Corp. and LIB and was and is in a position of control over the PACA trust assets belonging to plaintiff. A copy of the PACA license information for Suffolk Banana, LIB Corp. and LIB is annexed as **Exhibit "B"**.

## FACTS

8. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

9. Between September 27, 2010 and June 11, 2012, plaintiff sold and delivered to

2

defendants $1,998,402.81 worth of wholesale quantities of produce which had been moved in interstate commerce and which was accepted by defendants. The amount outstanding from Suffolk Banana totals $242,239.10. The amount outstanding from LIB Corp. totals $1,756,163.71. Produce was shipped to LIB.

10. Defendants have failed to pay for the produce when payment was due, despite repeated demands, and presently owe plaintiff the amount of $1,998,402.81.

11. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

12. Following each delivery, plaintiff invoiced defendants, which contained all material terms of the contract of sale covering each produce shipment. Plaintiff preserved its interest in the PACA trust in the amount of $1,998,402.81 by sending invoices to defendants containing the language required by 7 U.S.C. §499e(c)(4), and remains a beneficiary until full payment is made for the produce. Copies of the invoices/billing statements are attached hereto as **Exhibit C.**

13. Pursuant to the Regulations promulgated under the PACA, plaintiff placed the following legend on each invoice which was sent to defendants:

> "The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by section 5C of the Perishable Agricultural Commodities Act 1930 7USC499(e)(c). The seller of these commodities retains a trust claim on these commodities, all Inventories of food or other products derived from these commodities, and any receivable or proceeds from the sale of these commodities until full payment is received."

See **Exhibit "C"**.

14. Plaintiff's invoices contain the required language to preserve its right as a licensed supplier under the PACA statutory trust.

15. Pursuant to the Statutory Trust provisions of the PACA 7 U.S.C. § 499e(c)(1)-(5), plaintiff performed and fulfilled all duties required to preserve its PACA Trust benefits in the total amount of $1,998,402.81 plus interest, costs, and reasonable attorney's fees in accordance with the contracts of sale.

16. Pursuant to PACA and the Statutory Trust, defendants are the statutory trustees of the PACA trust assets in their possession or under their control. The PACA trust requires defendants to hold and preserve all goods, inventories, proceeds, and receivables in trust for the benefit of plaintiff until full payment has been made to plaintiff and any other PACA-qualified produce vendor.

17. Defendants have failed to perform the requirements of the Statutory Trust provisions, expressed and implied, and have breached their fiduciary duties to maintain the trust assets under their control, all in violation of section 499 (b)(4) of the PACA and the Regulations enforcing the PACA trust provisions, express and implied, and have breached their fiduciary duties owed to plaintiff to maintain the trust assets, all in violation of section 499 (b)(4) of the PACA and the Regulations enforcing the PACA trust provisions, 7 C.F.R. §46.46.

18. Defendants have repeatedly failed to pay despite repeated demands and have advised plaintiff that they do not intend to pay plaintiff as required by the PACA.

19. Defendants' failure, inability, and refusal to pay plaintiff shows that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff, and are dissipating trust assets.

## FIRST CAUSE OF ACTION
BREACH OF PACA (PERISHABLE AGRICULTURAL COMMODITIES ACT)
7 U.S.C. § 499(b)(4), 7 U.S.C. §§ 499(b)(2), 499e(a), 7 U.S.C. §§ 499e(c)(2), 499e(c)(4)
(Failure to Pay Trust Funds)

20. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 19 above as if fully set forth herein.

21. Upon information and belief, defendants have dissipated, and are continuing to dissipate, the corpus of the statutory trust which arose in favor of plaintiff upon each delivery of Produce to defendants.

22. The failure of defendants to hold in trust for the benefit of plaintiffs all monies and all inventories of food or other products derived from the sale of said Produce, and proceeds from the sale of commodities until full payment of the sum owing to plaintiff, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct result plaintiff has suffered damages in the amount of $1,998,402.81.

23. The failure of defendants to make payment to plaintiff of trust funds in the amount of $1,998,402.81 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

## SECOND CAUSE OF ACTION
DISSIPATION OF TRUST ASSETS
7 U.S.C. §§ 499(b)(2), 499e(a), 7 U.S.C. §§ 499e(c)(2), 499e(c)(4)
(Failure to Pay for Goods Sold)

24. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

25. On all outstanding invoices sent by plaintiff to defendants, plaintiff, as a PACA licensee, placed the language statutorily prescribed by PACA to be placed on its invoices by a license to notify defendants that plaintiff is preserving rights as a beneficiary to the statutory trust

pursuant to 7 U.S.C. §§ 499e(c)(4).

26. Defendants failed and refused to pay plaintiff the amount of $1,998,402.81 owed to plaintiff for produce received by defendants from plaintiff.

### THIRD CAUSE OF ACTION
BREACH OF FIDUCIARY DUTY/NON-DISCHARGEABILITY
7 U.S.C. §§ 499b(4), 11 U.S.C. 523(a)
(Unlawful Dissipation of Trust Assets by a Corporate Official – Hoey)

27. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 26 above as if fully set forth herein.

28. Defendant Hoey, is an officer, director, and/or shareholder of Suffolk Banana, LIB Corp. and LIB during the time period in question who was in a position to control the PACA trust assets belonging to plaintiff.

29. Defendants received, in the regular course of business, the Produce subject to the PACA statutory trust, and to date, defendants have refused to authorize and/or direct defendants to pay to plaintiff any part of the outstanding $1,998,402.81 unpaid balance, despite due demand.

30. Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to plaintiff, as required by PACA, 7 U.S.C. § 499(b)(4), thereby including liability herein to a state of non-dischargeability pursuant to 11 U.S.C. § 523(a).

31. Based upon the foregoing, defendants have violated their fiduciary duties as trustees in failing and refusing to make payments required to satisfy the priority trust of interests of plaintiff, and, as a direct result, plaintiff has suffered damages.

32. Defendant Hoey, failed to direct Suffolk Banana, LIB Corp. and LIB to fulfill their statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

33. Defendant Hoey's failure to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

34. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## FOURTH CAUSE OF ACTION
BREACH OF CONTRACT/ACCOUNT STATED

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 34 as if set forth fully herein.

36. During the period of on our about September 27, 2010 through on or about June 9, 2012, plaintiff from time to time contracted with and sold and delivered Produce to defendants, which Produce had been accepted by defendants without objection and thereafter sold in the ordinary course of defendants' business.

37. Defendants breached the contracts by failing to pay plaintiff for the Produce and, in addition, plaintiff furnished defendants with a Statement of Account, which Statement of Account had been received without objection, annexed as **Exhibit "D"**.

38. By virtue of defendants' breach of contracts, defendants are obligated to pay plaintiff the sum total of $1,998,402.81 plus pre and post judgment interest, legal fees and costs.

## FIFTH CAUSE OF ACTION
(Interest and Attorneys' Fees)

39. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 38 above as if fully set forth herein.

40. As a result of defendants' failure to make full payment promptly of the amount of $1,998,402.81, plaintiff has lost the use of said money.

41. Based upon defendants' failure to maintain the trust and make full payment promptly, plaintiff has been required to pay attorney's fees and costs in order to bring this action to compel payment of the trust.

42. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. § 499e(c) if plaintiff must expend part of the said payment on attorney's fees, and litigation costs, and also suffer the loss of interest on the outstanding amounts owed, all because of defendants' violations of their statutory duties to maintain the trust and make full payment promptly.

43. As a further result of defendants' failure to make full payment promptly of the aggregate amount of $1,998,402.81, plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require defendants to comply with their statutory duties.

44. PACA and the invoices of plaintiff entitle plaintiff to recover prejudgment interest at the rate of 18% per annum and attorneys' fees incurred to collect any balance due from defendants.

## SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT

45. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 44 as if set forth fully herein.

46. Defendants received Produce from plaintiff, but failed to make payment to plaintiff.

47. As a result, defendants have been unjustly enriched in the amount of $1,998,402.81 and should make restitution to plaintiff in the amount of $1,998,402.81 plus pre-judgment and post-judgment interest and attorney's fees and costs.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants and the following relief:

1) An order enforcing payment from the trust by requiring immediate payment of the amount of $1,998,402.81, plus interest, costs, and attorneys' fees, to plaintiff; and

2) Judgment against the defendants, jointly and severally, in the amount of $1,998,402.81, plus pre and post judgment interest, costs, and attorneys' fees, under the trust provision of the PACA; and

3) Declaring defendants to have jointly and severally violated PACA and the USDA regulations promulgated thereunder; and

4) Declaring defendants to be jointly and severally the statutory trustees for the benefit of plaintiffs with respect to the assets to which plaintiff has preserved its rights under PACA and the PACA Trust; and

5) Declaring defendants, jointly and severally, to be the constructive trustees for the benefit of plaintiff of such assets and any other assets with which they have commingled PACA Trust assets held by defendants, and directing defendants, jointly and severally, to establish and/or preserve a trust fund sufficient to pay plaintiff's principal trust claim of $1,998,402.81; and

6) Declaring defendants to be in defalcation with respect to their fiduciary duties to plaintiff, and to be personally, jointly, and severally liable to plaintiff for all losses, costs, fees, and expenses sustained by plaintiff as the result of the acts or omissions alleged hereinabove; and

7) Directing defendants, jointly and severally, to pay plaintiff the sum of $1,998,402.81 plus applicable interest and costs, granting plaintiff a judgment against defendants

jointly and severally and each of them for said amount; and with prejudgment and post judgment interests and the costs of this action.

      8) Granting to plaintiff such other and further relief as the Court deems just and proper.

Dated: Hempstead, New York
      June 15, 2012

                      Respectfully submitted,
                      LAWRENCE AND WALSH, P.C.
                      Attorneys for Plaintiff

                      Laura M. Dilimetin (LD4718)
                      215 Hilton Avenue
                      Hempstead, NY 11551
                      Ph: 516.538.2400
                      Fax: 516.538.2079