Law Offices
of
**LYNN, GARTNER, DUNNE & COVELLO, LLP**
330 Old Country Road, Suite 103
Mineola, New York 11501

JOSEPH COVELLO
JOHN W. DUNNE**
KENNETH L. GARTNER*
ROBERT P. LYNN, JR.

Telephone (516) 742-6200
Facsimile (516) 742-5294
www.lgdcllp.com

Email: jcovello@lgdcllp.com

STEPHEN W. LIVINGSTON
AVERY N. MARON**

February 27, 2013

* Also Admitted in D.C.
** Also Admitted in CT

*Via ECF Filing*

Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    Belleza Fruit, Inc. v. Suffolk Banana Co., Inc., et al
            Case No. 12-CV-3033 (SJF)(WDW)

Dear Judge Feuerstein:

    We write to request a conference call with the Court to address an issue that has arisen during the parties' attempt to memorialize the terms of the settlement and specifically whether the deeds to securitize the remaining payment of the settlement should be deposited with the Clerk of the Court or plaintiff's counsel.

    To date, the parties have exchanged releases (being held in escrow by opposing counsel), Defendants have paid all sums required to date. The parties have, in good faith, attempted to memorialize the terms of the settlement and specifically the security portion in the form of the two real properties. At present time, both deeds have been executed to the name of plaintiff as Grantee and are being held by Defendants' counsel.

    During our negotiations with Plaintiff's counsel on February 7, 2013 (and before this Court), we agreed that the Defendants would deposit deeds with the Court as security for the final payment due on June 7, 2013.

    Consistent with this agreement, plaintiff's counsel specifically stated that the deeds were to be deposited with the clerk of the court. Settlement Transcript of February 7, 2013, at p. 3, l. 4-9.

    We have a copy of the transcript but cannot file it herewith given the Court sealed the settlement record. However, we will produce a hard copy to the Court via mail, email or fax upon request.

Hon. Sandra J. Feuerstein
February 27, 2013
Page 2

The Court noted in its discussion of the terms of the settlement with Defendant (Mr. Hoey) that plaintiff wanted the deeds to be deposited with the clerk of the court. *Id.*, at p. 5, l. 21-23. The Court then expressed concern as to whether the clerk would accept the deeds – suggesting it could be deposited with counsel if the clerk refused to accept the deeds. *Id.*, at p. 6, l. 23 through p. 7, l. 1; p. 10, l. 9-11.

Regarding security for the final payment, the parties agreed that should the Defendants default on the final payment, the Plaintiff could obtain a court order allowing them to sell the properties and any monies in excess of the final payment would be returned to the Defendants. The court order would also articulate the exact parameters surrounding the sale and the responsibilities of the various parties.

The Defendants' position remains that the deeds should be deposited with the Clerk of the Court as originally directed by Your Honor. The Clerk has advised it will accept the deeds and will deposit them in the vault provided we submit an Order of the Court pursuant to Fed. R. Civ. P. 67(a).

As demonstrated by the conflicting drafts of the Settlement Agreement and communication with counsel, Plaintiff's counsel's position is that the deeds should be held in escrow by her pending the final payment.

The gravamen of this letter is that the practical impact of a default would open up a host of issues that would need to be addressed by this Court at some future date. For instance, the Court would need to ensure that the sale of the properties was an arm's length transaction, the excess monies would have to be returned to Defendants, there would be issues as to who is responsible for payment of expenses of the sale, who is responsible for listing the sale, and terms and provisions required of the contract of sale. At this point, it does not make sense to try and anticipate everything now, when a default is unlikely, and it is more logical to resolve the anticipated and unanticipated issues only after a default when both parties can be heard by the Court.

Accordingly, we annex hereto as Exhibit "A" a proposed Order requiring the Defendants to deposit the deeds with the Clerk of the Court pursuant to Rule 67(a), and as we know Plaintiff's counsel will oppose this request, we suggest either a conference call or a brief conference to resolve this important issue.

            Respectfully submitted,

            Joseph Covello

JC/pk
Attachments

Hon. Sandra J. Feuerstein
February 27, 2013
Page 3


cc:     Laura M. Dilimetin, ESQ.
        LAWRENCE AND WALSH, P.C.
        *Attorneys for Plaintiff*
        215 Hilton Avenue
        Hempstead, New York 11551
        Tel. No.: (516) 538-2400
        Fax: (516) 538-2079